IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JSDQ MESH TECHNOLOGIES LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: |
| | : | |
| CABLEVISION SYSTEMS CORPORATION, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff JSDQ Mesh Technologies LLC complains of Defendant Cablevision Systems Corporation as follows:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2. JSDQ Mesh Technologies LLC ("JSDQ") is a Delaware limited liability company with its principal place of business at 401 Lake Avenue, Round Lake Beach, Illinois 60073.

3. JSDQ is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,916,648, entitled "Method of Call Routing and Connection," which issued on March 29, 2011 (the "'648 Patent") (a true and correct copy is attached as Exhibit A); United States Patent No. 7,286,828, entitled "Method of Call Routing and Connection," which issued on October 23, 2007 (the "'828 Patent") (a true and correct copy is attached as Exhibit B); and United States Patent No. RE43,675, entitled

"Wireless Radio Routing System," which issued on September 18, 2012 (the "'675 Patent") (a true and correct copy is attached as Exhibit C) (collectively, the "Patents-in-Suit").

4. Defendant Cablevision Systems Corporation ("Cablevision") is a Delaware corporation with the registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Cablevision maintains its principal office at 1111 Stewart Avenue, Bethpage, New York 11714.

5. Upon information and belief, Defendant Cablevision purchased and/or purchases wireless radio mesh network equipment and services from one or more of Ericsson Inc.; Ericsson Holding II Inc.; Telefonaktiebolaget LM Ericsson; Ericsson Canada Inc.; BelAir Networks Inc.; and BelAir Networks, Corp. (collectively, "Ericsson").

6. Ericsson completed its acquisition of the BelAir entities on or about April 2, 2012. Pursuant to the acquisition, the BelAir entities were integrated into the Ericsson group and operate under the Ericsson brand. Ericsson remains committed to supporting the customers of the BelAir entities, including Cablevision.

7. In the related case of *JSDQ v. Ericsson, et al.*, 1:12-cv-00847-GMS (the "*Ericsson Litigation*"), Ericsson stated in the Joint Status Report that "Defendants believe that the asserted claims are directed to activities performed by the customers of their products, and defendants' only potential liability is for allegedly inducing the alleged direct infringement by their customers." (*Ericsson Litigation*, D.I. 12). Accordingly, JSDQ believes, based on Ericsson's representations, that it can only obtain complete relief for the infringement of the Patents-in-Suit by pursuing all direct infringers as identified and suggested by Ericsson. In short, Ericsson takes the position that only its customers can be liable for direct infringement and JSDQ brings this action based on that position.

## JURISDICTION AND VENUE

8. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

9. Personal jurisdiction over Defendant is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## THE ACCUSED ERICSSON SYSTEMS

10. Cablevision directly infringes the Patents-in-Suit through at least the use of Ericsson's wireless radio mesh products, services and solutions.

11. Specifically, Cablevision directly infringes through its use of Ericsson's GigXone Architecture, Carrier Wi-Fi networks and related services – including the hardware (e.g., BelAir Access Points, antennas, etc.), software (e.g., BelAirOS), and firmware components associated therewith – for both data and radio telephony (the "Accused Ericsson Systems").

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,916,648

12. JSDQ realleges and incorporates by reference paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. Defendant directly infringes at least independent claim 29 of the '648 Patent through at least the use of the Accused Ericsson Systems.

14. The Accused Ericsson Systems, as used by Defendant, provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 29 of the '648 Patent.

15. The Accused Ericsson Systems, as used by Defendant, perform each of the limitations of claim 29 of the '684 Patent by (a) establishing radio links between pairs of nodes without regard to their relative locations; (b) measuring values of a parameter of radio signals; (c) transmitting radio signals with routing messages; (d) selecting a preferred multi-link route

segment; (e) transmitting a radio signal with a routing message identifying a preferred route segment; and (f) assembling a radio communication route between an originating node and a destination node.

16. To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

17. Defendant's direct infringement as described above has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**INFRINGEMENT OF UNITED STATES PATENT NO. 7,286,828**

18. JSDQ realleges and incorporates by reference paragraphs 1 through 11, inclusive, as though fully set forth herein.

19. Defendant directly infringes at least independent claim 68 of the '828 Patent through at least the use of the Accused Ericsson Systems.

20. The Accused Ericsson Systems, as used by Defendant, provide wireless communication routes among individual nodes distributed to form a mesh throughout an area covered by the wireless communication system, in accordance with the limitations of claim 68 of the '828 Patent.

21. The Accused Ericsson Systems, as used by Defendant, perform each of the limitations of claim 68 of the '828 Patent by (a) establishing wireless links between pairs of routing nodes using wireless signals; (b) storing routing messages; (c) selecting a routing message using a parameter of received wireless signals; (d) modifying a selected routing message; (e) deleting some routing messages; (f) retransmitting modified routing messages; and (g) assembling preferred wireless links into an optimum communication route.

22. To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

23. Defendant's direct infringement as described above has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**INFRINGEMENT OF UNITED STATES PATENT NO. RE 43,675**

24. JSDQ realleges and incorporates by reference paragraphs 1 through 11, inclusive, as though fully set forth herein.

25. Defendant directly infringes at least independent claim 15 of the '675 Patent through at least the use of the Accused Ericsson Systems.

26. The Accused Ericsson Systems, as used by Defendant, provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 15 of the '675 Patent.

27. The Accused Ericsson Systems, as used by Defendant, perform each of the limitations of claim 15 of the '675 Patent by (a) establishing radio links between respective pairs of nodes without regard to their relative locations, at least one node using a directional radio signal; (b) measuring a value of a parameter of a directional radio signal; (c) transmitting radio signals with routing messages; and (d) assembling by computers in a plurality of nodes, a radio communication route between an originating node and a destination node.

28. To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

29. Defendant's direct infringement as described above has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JSDQ Mesh Technologies LLC respectfully requests this Court to enter judgment against the Defendant and against each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendant;

B. An award of damages against Defendant adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. A finding that this case is exceptional and an award to Plaintiff of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement of the asserted patents; and

E. Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial on all issues presented in this Complaint.

PROCTOR HEYMAN LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (# 3630)
Melissa N. Donimirski (# 4701)
Meghan A. Adams (# 4981)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
Phone: (302) 472-7300
Fax: (302) 472-7320
DGattuso@proctorheyman.com
MDonimirski@proctorheyman.com
MAdams@proctorheyman.com

*Attorneys for Plaintiff, JSDQ Mesh Technologies LLC*

OF COUNSEL:

NIRO, HALLER & NIRO
Timothy J. Haller
Daniel R. Ferri
Gabriel I. Opatken
181 West Madison Street, Suite 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
dferri@nshn.com
gopatken@nshn.com

Dated: April 1, 2014